IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LORINDA BROWN, | ) | CASE NO. 4:09-CV-03088 |
|       Plaintiff, | ) | |
| vs. | ) | ANSWER |
| GRANDMOTHER'S, INC., a Nebraska corporation, | ) | |
|       Defendant. | ) | |

COMES NOW the defendant, Grandmother's, Inc., a Nebraska corporation ("Grandmother's") and for its Answer to the plaintiff's Complaint and states and alleges as follows:

1. Defendant denies Paragraph 1.

2. While maintaining plaintiff does not present a cognizable claim and except where this Court finds in favor of defendant on its related Affirmative Defenses, defendant admits the Court has venue, but denies the remaining allegations of Paragraph 2.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 and therefore denies the same, except that (i) defendant admits that it owns a Grandmother's Restaurant at 6944 "A" Street, Lincoln, Nebraska, (ii) defendant denies that it denied full, safe and equal access to any individual with a disability, and (iii) defendant denies lack of compliance with the ADA.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 4 and therefore denies the same, except that defendant denies lack of compliance with the ADA.

5. Defendant denies Paragraph 5.

6. Defendant denies Paragraph 6.

7. Defendant admits that it is a corporation and the owner and operator of the Grandmother's Restaurant at 6944 "A" Street, Lincoln, Nebraska.  Defendant denies the remaining allegations of Paragraph 7.

8. Defendant admits that Congress enacted the Americans with Disabilities Act.

9. Paragraph 9 is plaintiff's selected recitation of portions of 42 U.S.C. § 12101, and requires no answer from this defendant; however, defendant denies any legal and factual characterizations and inferences from such recitation.

10. Paragraph 10 is plaintiff's selected recitation of portions of 42 U.S.C. § 12101 that calls for a legal conclusion and requires no answer from this defendant; however, defendant denies any legal and factual characterizations and inferences from such recitation.

11. Paragraph 11 contains plaintiff's summary characterizations of portions of the Americans with Disabilities Act, § 12181 that calls for a legal conclusion and requires no responsive answer; however, defendant denies any legal and factual characterizations and inferences from such recitation..

12. Defendant admits that the public areas of its restaurant are public accommodations. Defendant denies the remaining allegations of Paragraph 12.

13. Defendant admits that the Department of Justice, Office of Attorney General promulgated regulations. Defendant denies any legal and factual characterizations and inferences from such selected recitation of the regulations.

14. Defendant denies Paragraph 14.

15. Defendant denies Paragraph 15.

16. Defendant denies Paragraph 16.

17. Defendant denies Paragraph 17.

18. Defendant denies Paragraph 18.

19. Defendant denies Paragraph 19.

20. Defendant denies Paragraph 20.

21. Defendant denies Paragraph 21.

22. Defendant denies Paragraph 22.

23. Defendant denies Paragraph 23.

24. Defendant denies any legal and factual characterizations and inferences from plaintiff's characterization of 42 U.S.C. § 12188(a).

25. With regard to the allegations in Paragraph 18, without admitting any violation of the ADA, defendant has remedied all items which are readily achievable:

AFFIRMATIVE DEFENSES

26. The Court lacks subject matter jurisdiction.

27. The case is moot.

28. Injunctive relief is not warranted because the defendant has removed all architectural barriers, except those that are not readily achievable.

29. Plaintiff lacks standing to sue.

30. Plaintiff lacks standing to bring this action as a "testor".

31. Plaintiff has not suffered and will not suffer injury in fact.

32. The restaurant was built prior to the implementation of the ADA, was at that time and remains in compliance with all applicable building and zoning codes and has not been modified since its effective date.

33. Removal of the alleged architectural barriers is not readily achievable and cannot be accomplished or carried out without much difficulty or expense.

34. Plaintiff has not set forth a legitimate request for a temporary or permanent injunction. Any alleged "barriers" that presently exist are minor and do not rise to the level of dangerousness or denial of access.

35. Any alleged barriers which are readily achievable were or are in the process of being remedied, and as such this case is moot. Such barriers include:

36. Plaintiff has not received actual notice that defendant does not intend to comply with the ADA. As such injunctive relief is unwarranted.

37. Department of Justice ADA Accessibility Guidelines do not apply to facilities existing before the ADA's effective date. Hubberd v. 7-Eleven, 433 F.Supp2d 1134 (SD Ca 2006).

38. Plaintiff is not entitled to attorney fees under Buckhannon Board & Care Home v. West Virginia Dept. of Health and Human Services, 352 U.S. 598, 121 S.Ct. 1835, 149 L.Ed. 2nd 855 (2001).

WHEREFORE, having fully answered, the defendant prays that plaintiff's Complaint be dismissed, with prejudice, that defendant be awarded its costs and reasonable attorney fees

HBC/371109.1                     3

incurred in the defense of this matter and for such other and further relief and the Court deems just.

                                          GRANDMOTHER'S, INC., Defendant

                                          By: /s/ Harvey B. Cooper
                                             Harvey B. Cooper, #15035
                                             ABRAHAMS KASLOW & CASSMAN, LLP
                                             8712 W. Dodge Road, Suite 300
                                             Omaha, NE  68114
                                             402-392-1250
                                             Attorneys for Defendant

                                  CERTIFICATE OF SERVICE

     I do hereby certify that on June 15, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

    Marvin L. Andersen, Esq.
    Michael P. Kneale, Esq.
    Bradley, Elsbernd, Emerton, Andersen & Kneale, P.C.
    202 W. Third Street
    P.O. Box 639
    Grand Island, NE 68802-0639

    Stephan M. Nitz
    Schwartz Zweben, L.L.P.
    3876 Sheridan Street
    Hollywood, FL  33021.

                                             s/      Harvey B. Cooper