IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LORINDA BROWN, | ) | CASE NO. 4:09-CV-03088 |
| | ) | |
| Plaintiff, | ) | RESPONSE OF DEFENDANT |
| | ) | GRANDMOTHER'S, INC. TO |
| vs. | ) | PLAINTIFF'S MOTION FOR |
| | ) | CLARIFICATION OF COURT'S |
| GRANDMOTHER'S, INC., a Nebraska | ) | MEMORANDUM AND ORDER |
| corporation, | ) | <u>ISSUED ON JULY 16, 2009</u> |
| | ) | |
| Defendant. | ) | |

Without warning, let alone the courtesy of a demand letter, plaintiff, a tester, filed this strike suit against Grandmother's, Inc., as well as six similar lawsuits against other Nebraska businesses commonly alleging violations of the public accommodation section of the Americans for Disabilities Act. With respect to Grandmother's, plaintiff alleges eighteen specific violations of the Department of Justice Accessibility Guidelines, including such things as the height of parking space signs being too low, no rear grab bars in the women's restroom, the side grab bar being too short, the coat hook being too high, and other alleged violations, many trivial and easily remedial. (Complaint ¶ 18). Indeed, many of the alleged violations are not violations at all. Grandmother's is correcting any deficiencies, except those that are not readily achievable and would have voluntarily done so in response to a courtesy letter before this surprise action.

Grandmother's has plead numerous affirmative defenses, including lack of standing. Among the standing criteria is whether there is a case or controversy because once the alleged deficiencies are fixed (that is those items which truly are deficiencies under the DOJ Accessibility Guidelines), and it is established that others are not readily achievable, the case is moot. There is also a legal question as to the applicability of the Accessibility Guidelines,

HBC/373667.1

because this is a pre-ADA building, fully compliant with then existing codes, that has not been altered since its construction.

Against this background, plaintiff's counsel requested a site inspection pursuant to Federal Rules of Civil Procedure 34. Grandmother's voluntarily agreed. However, before doing so, Grandmother's attorney sent a letter to Stephan Nitz, plaintiff's attorney, questioning why he, a Florida attorney had to travel from Hollywood, Florida to Lincoln, Nebraska to be part of the inspection with his expert. (Apparently,, his expert plans to fly in from Binghamton, New York, See, flight itinerary, Exhibit B to plaintiff's Index). After all, it is the expert's inspection, not the attorney's, that is relevant. Moreover, plaintiff has local Nebraska attorneys who capable of attending the inspection if needed. Grandmother's counsel advised Mr. Nitz that Grandmother's would object to any attorney fees incurred by Mr. Nitz in connection with this site visit. (See, Affidavit of Harvey B. Cooper). Certainly, we would object to his expenses as well.

Subsequently, the Court issued its Order deferring all discovery other than that relating to the standing issue. That order is appropriate for both judicial economy, and to save expenses and defendant's attorney fees relating to the inspection that will be incurred by Grandmother's. If Mr. Nitz makes the trip, then Grandmother's counsel will be present. Additionally, because plaintiff is employing an expert to inspect the property, then Grandmother's too intends to have its own expert on the premises, incurring that cost.

Grandmother's respectfully submits that the Court's July 16, 2009 Order should stay in place, not be modified, and that the inspections not occur at this juncture. If necessary, they can occur later.

        GRANDMOTHER'S, INC., Defendant

By: /s/ Harvey B. Cooper
    Harvey B. Cooper, #15035
    Abrahams, Kaslow & Cassman LLP
    8712 West Dodge Road, Suite 300
    Omaha, NE  68114
    Telephone:  (402) 392-1250
    Attorneys for Defendant

## CERTIFICATE OF SERVICE

I do hereby certify that on July 31, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Marvin L. Andersen, Esq.
Michael P. Kneale, Esq.
Bradley, Elsbernd, Emerton, Andersen & Kneale, P.C.
202 W. Third Street
P.O. Box 639
Grand Island, NE 68802-0639

Stephan M. Nitz
Schwartz Zweben, L.L.P.
3876 Sheridan Street
Hollywood, FL  33021.

        s/       Harvey B. Cooper