IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LORINDA BROWN, | ) | CASE NO. 4:09-CV-03088 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPLY BRIEF IN SUPPORT |
| | ) | OF MOTION TO DISMISS |
| GRANDMOTHER'S, INC., a Nebraska | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

Plaintiff, Lorinda Brown's suit against Grandmother's, Inc. ("Grandmother's") initially alleged eighteen specific violations of the Department of Justice Accessibility Guidelines, both inside and outside of Grandmother's restaurant.  During the course of this case, plaintiff admitted that all but three of the eighteen violations initially asserted in the Complaint were either invalid or have been corrected.  (Plaintiff's Brief pages 13-15).  The following three alleged violations remain in dispute:

(1) there is insufficient maneuvering clearance at the women's restroom entry/exit door;

(2) there is insufficient maneuvering clearance in the women's toilet room; and

(3) there is no accessible toilet stall provided in the women's restroom.

(Plaintiff's Brief pages 13-15).

Still the case should be dismissed because the Court lacks subject matter jurisdiction necessary to address the remaining three alleged violations because plaintiff does not have standing to assert her claims.  Plaintiff has failed to show that she suffered an injury in fact or that her injury would be redressed by a favorable outcome. Additionally, plaintiff's discussion on

page 3 of her Brief, regarding settlement negotiations prior to Grandmother's filing its Motion to Dismiss is completely irrelevant and is not admissible as evidence.

## ARGUMENT

### I.

### THE COURT LACKS SUBJECT MATTER JURISDICTION TO HEAR THIS CASE BECAUSE PLAINTIFF HAS FAILED TO MEET THE INJURY IN FACT REQUIREMENT OF STANDING.

Plaintiff has failed to establish the injury in fact requirement of standing, and thus, the Court does not have subject matter jurisdiction to decide this case. The Eighth Circuit has held that a plaintiff "must at least prove knowledge of the barriers and that they would visit the building in the imminent future but for those barriers.... Intent to return to the place of injury 'some day' is insufficient." *Steger,* 228 F.3d at 892-893. Here, plaintiff does not have actual knowledge of the alleged barriers inside Grandmother's because she never entered the restaurant. Plaintiff admits that she has never eaten at Grandmother's or even been inside Grandmother's restaurant, including its interior lobby, dining room, bar area, and women's restroom. (Plaintiff's Response to Defendant's First Request for Admissions Nos. 20-25). Nor has she returned to the restaurant since her single visit over a year ago. (Sweet Aff. ¶ 6). During her visit to Grandmother's, plaintiff remained outside and sent Randi McGrady-Kramer, who does not use a wheelchair and who is an employee of plaintiff's attorney, into Grandmother's for her. (Plaintiff's Response to Defendant's First Request for Admissions Nos. 29-32). Ms. McGrady-Kramer's alleged encounter of barriers in Grandmother's does not establish injury in fact because she is not confined to a wheelchair, and thus, is not among the injured. *Steger,* 228 F.3d at 894. The same is true of plaintiff's expert, Steve Mason.

Further, all four factors used to analyze the future injury requirement of injury in fact weigh against a finding of likelihood of future harm. First, the proximity of Grandmother's

restaurant from plaintiff's residence does not support a finding of future harm.  When a plaintiff lives over 100 miles from defendant's business, courts have held that the distance "weighed against a likelihood of future harm."  *Molski*, 405 F.Supp.2d at 1164.  Here, plaintiff admits that she lives 102 miles from Grandmother's restaurant.  (Plaintiff's Amended Response to Second Set of Interrogatories No. 3).  Second, plaintiff's past patronage of Grandmother's clearly weighs against a finding of future harm.  The only time plaintiff has ever been to Grandmother's was on October 22, 2008, and even then she did not actually enter the restaurant.  When a plaintiff has visited a restaurant only once, the lack of history of past patronage "negates the possibility of future injury at [that] particular location."  *Parr,* 96 F.Supp.2d. at 1079.

Third, the definiteness of plaintiff's plans to return weigh against a finding of future harm.  Plaintiff's statement that she is "always looking for accessible restaurants to dine" is not enough to establish definite plans to return.  "Intent to return to the place of injury 'some day' is insufficient" to establish standing.  *Steger,* 228 F.3d at 892-893.  Finally, plaintiff has not established that she is frequently in the proximity of Grandmother's restaurant.  Plaintiff's statement that she travels with her son almost every weekend "all over the State of Nebraska" does not mean that she is frequently near Grandmother's.  (Plaintiff's Response to Interrogatory No. 3).  Because plaintiff has not met the injury in fact requirement of standing, the court does not have subject matter jurisdiction to decide this case.

## II.

### THE COURT LACKS SUBJECT MATTER JURISDICTION TO HEAR THIS CASE BECAUSE PLAINTIFF HAS FAILED TO MEET THE REDRESSABILITY REQUIREMENT OF STANDING.

Plaintiff has failed to establish the redressability requirement of standing, and thus, the court does not have subject matter jurisdiction to decide this case.  For an injury to be redressable, "judicial action must be likely to remedy the harm and cannot be merely

speculative." *Steger,* at 893.  To avoid abuse, "federal courts must be diligent in observing standing requirements.  And, particularly in view of a recognized trend of abusive ADA litigation, special diligence and vigilant examination of the standing requirements are necessary and appropriate to ensure the litigation serves the purposes for which the ADA was enacted." *Harris v. Stonecrest Care Auto Center, LLC*, 472 F.Supp.2d 1208, 1215 (S.D.Cal.,2007) (citing *Molski v. Arby's Huntington Beach,* 359 F.Supp.2d 938, 941 (C.D.Cal.2005) (expressing the court's concern that plaintiff's "ADA claims in that case may be a sham, used as a pretext to gain access to the federal courts while pursuing state law remedies")).  In *Harris*, the court held that "a plaintiff's contact with a local establishment made solely for the purpose of bringing a claim under the ADA, without more, is insufficient to confer Article III standing to seek injunctive relief because it fails to meet the redressability requirement."  *Id.* at 1217-1218.

In addition to the claim against Grandmother's, plaintiff filed six lawsuits in a two month period against other Nebraska businesses in Grand Island, Lincoln, and Omaha all alleging similar violations of the ADA.  Given plaintiff's litigation history, her alleged plans to return to Grandmother's appear disingenuous, and thus, her alleged injury is not redressable.  Because plaintiff has not met the redressability requirement of standing, the court does not have subject matter jurisdiction to hear this case.

### III.

### EVIDENCE OF ALLEGED SETTLEMENT NEGOTIATIONS BETWEEN PLAINTIFF AND GRANDMOTHER'S IS IRRELEVANT AND INADMISSIBLE.

Plaintiff's discussion on page 3 of her Brief, regarding settlement negotiations prior to Grandmother's filing its Motion to Dismiss is completely irrelevant and is not admissible as evidence under Federal Rule of Evidence 408(a).  Consistent with the above, plaintiff's

accusation that Grandmother's entered into settlement negotiations before filing its Motion to Dismiss has no bearing on this case.

## CONCLUSION

Based upon the foregoing, and defendant's Brief in Support of Motion to Dismiss, the court should dismiss plaintiff's Complaint with prejudice, at plaintiff's cost, and award defendant such other relief as the court deems just and equitable.

GRANDMOTHER'S, INC., Defendant

By:  /s/ Valerie S. Retelsdorf
      Valerie S. Retelsdorf, #24187
      Harvey B. Cooper, #15035
      Abrahams, Kaslow & Cassman LLP
      8712 West Dodge Road, Suite 300
      Omaha, NE  68114
      Telephone:  (402) 392-1250
      vretelsdorf@akclaw.com
      hcooper@akclaw.com
      Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2009, I electronically filed foregoing Reply Brief in Support of Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to the following:

Marvin L. Andersen at marvin@bradleylawoffice.com

Michael P. Kneale at mike@bradleylawoffice.com

Stephan M. Nitz at snitz@szalaw.com

      s/Valerie S. Retelsdorf
      Valerie S. Retelsdorf, #24187