IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LORINDA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3088 |
| | ) | |
| v. | ) | |
| | ) | |
| GRANDMOTHER'S, INC., a Nebraska | ) | MEMORANDUM AND ORDER ON |
| corporation, | ) | DEFENDANT'S MOTION TO DISMISS |
| | ) | |
| Defendant. | ) | |
| | ) | |

On May 1, 2009, the plaintiff, Lorinda Brown, filed a complaint against Defendant Grandmother's, Inc., alleging that the defendant has violated Title III of the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12181 et seq. (See filing 1.)[1] The defendant has filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (See filing 35.) For the following reasons, I find that the defendant's motion must be granted.

I.  BACKGROUND

The complaint alleges as follows. The plaintiff is a resident of the State of Nebraska who suffers from spinal muscular atrophy and "uses a wheelchair for mobility purposes." (Compl.,

---

[1] Title III of the ADA proscribes discrimination in places of public accommodation against persons with disabilities. See 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). The ADA grants a private right of action for injunctive relief to, inter alia, "any person who is being subjected to discrimination on the basis of disability." 42 U.S.C. § 12188(a)(1).
Steger v. Franco, Inc., 228 F.3d 889, 892 (8th Cir. 2000).

filing 1, ¶ 3.)  The defendant is a Nebraska Corporation and "is the owner, lessee, lessor and/or operator" of a property located in Lincoln, Nebraska, that is "commonly referred to as Grandmother's Restaurant." (Id. ¶ 7.)

On a date that is not specified in the complaint, the plaintiff visited Grandmother's Restaurant and encountered "barriers to access." (Compl., filing 1, ¶ 3.)  The plaintiff alleges that she visited Grandmother's Restaurant both out of "personal desire to have access to places of public accommodation" and "as a 'tester' for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations."  (Id. ¶ 4.)  In a similar vein, she alleges that she "desire[s] and intends to visit" the restaurant in the future to enjoy the goods, services, facilities, etc., offered there, (see, e.g., id. ¶¶ 3, 16), and to conduct annual verifications of the defendant's "compliance or non-compliance with the ADA . . . and its maintenance of the accessible features of the premises," (id. ¶ 4).

The complaint states that the following specific "unlawful physical barriers, dangerous conditions and ADA violations" at Grandmother's Restaurant "preclude and or limit Plaintiff's ability (because of her disability) to access the [restaurant] and/or [her] full and equal enjoyment" of the restaurant:

1. The accessible parking spaces are located on an improper slope;
2. The accessible signage at the parking spaces is too low;
3. The ramp at the entrance door is too steep and lacks proper handrails;
4. The entrance doors-in-series are too heavy; and
5. There is an insufficient number of accessible seating positions at the facility.

(Compl., filing 1, ¶ 18.)  In addition, the following "barriers" are alleged to be present in the "Women's Rest Room" at Grandmother's Restaurant:

6. The entrance door is too heavy;
7. There is insufficient maneuvering clearance at the entry/exit door;
8. There is improper accessible signage at the door;
9. There is no accessible toilet stall;
10. There is insufficient maneuvering clearance in the toilet room;
11. There are no rear grab bars;

      12.      The flush valve is on the inside of the water closet;

      13.      The pipes under the lavatory are not properly insulated;

      14.      The side grab bar is too short;

      15.      The coat hook is too high;

      16.      The hardware on the lavatory requires twisting and/or grasping to operate;

      17.      The soap dispenser is out of reach; and

      18.      The paper towel dispenser is out of reach range.

(Id.) The complaint states that this list is not "all-inclusive," and that "only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all . . . barriers to access and discriminatory acts violating the ADA be identified." (Id. ¶ 19.)

      The plaintiff seeks injunctive relief and an award of certain costs and expenses. (See Compl., filing 1, at pages 1, 9.) More specifically, she seeks a declaration that Grandmother's Restaurant is violating the ADA, "a permanent injunction enjoining Defendant from continuing its discriminatory practices," an order requiring the defendant "to remove the physical barriers to access and alter the [restaurant] to make it readily accessible to and usable by individuals with disabilities to the extent required by the ADA," an order that the restaurant be closed "until the barriers are removed and requisite alterations are completed," and an award of "reasonable attorneys' fees, expert fees, costs and litigation expenses." (Id. at page 9.)

      The defendant filed an answer to the complaint on June 15, 2009. (See generally Answer, filing 17.) The answer lists the following "affirmative defenses," among others: "The Court lacks subject matter jurisdiction," "The case is moot," "Plaintiff lacks standing to sue," "Plaintiff lacks standing to bring this action as a [tester,]" "Plaintiff has not suffered and will not suffer injury in fact," and "Removal of the alleged architectural barriers is not readily achievable and cannot be accomplished or carried out without much difficulty or expense." (Id. ¶¶ 26-27, 29-31, 33.)

      On July 16, 2009, United States District Judge Richard G. Kopf, who was then "handling all magistrate matters previously handled by Judge Piester," (see filing 19 at 1), filed a memorandum stating that the standing issue should be resolved at the outset of this case and giving the defendant "until October 1, 2009, to file a motion addressing whether this case should

3

be dismissed for lack of standing under Rules 12(b)(1) and/or 12(b)(6) of the Federal Rules of Civil Procedure," (see filing 22 at 1). The deadline for filing this motion was later extended to November 6, 2009. (See filings 33-34.)

On November 4, 2009, the defendant filed the instant motion, arguing that the complaint must be dismissed for lack of subject matter jurisdiction and for its failure to state a claim upon which relief may be granted. (See filing 35 (citing Fed. R. Civ. P. 12(b)(1), 12(b)(6)).) In support of its motion to dismiss, the defendant has submitted a copy of the plaintiff's amended responses to the defendant's second set of interrogatories, among other documents. (See generally filing 36.) In opposition to the defendant's motion, the plaintiff has submitted a copy of her expert witness's curriculum vitae, her expert's report (together with attachments), an affidavit from her expert, and her responses to the defendant's second set of interrogatories. (See generally filing 40.) The plaintiff's amended responses to the defendant's second set of interrogatories indicate that the plaintiff's residence is approximately 102 miles from Grandmother's Restaurant; that the plaintiff travels with her son "almost every weekend during his baseball season all over the State of Nebraska" and that she is "always looking for accessible restaurants to dine at" during those travels; that the plaintiff has "passed Grandmother's many times in [her] travels, and [has] always wanted to dine there"; and that "during the week of October 22, 2008, [she] attempted to patronize Grandmother's Restaurant, and due to an exterior ramp to the restaurant entrance, [she] was unable to enter the premises." (See Def.'s Index, filing 36, Ex. 1.) The plaintiff's interrogatory responses also state that while the plaintiff remained "seated in a vehicle with [her] Assistant, [her] other companion, my undersigned counsel's Legal Assistant, Randi McGrady-Kramer also discovered that the Women's restroom has toilet stalls that are so narrow that women in wheelchairs cannot enter them or use them." (Id.)

## II. STANDARD OF REVIEW

As noted above, the defendant was directed to file a motion to dismiss "under Rules 12(b)(1) and/or 12(b)(6)." (See filings 22, 34.) The defendant has already filed an answer, however, and a party cannot file a Rule 12(b) motion after it has filed an answer. See Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a

4

responsive pleading is allowed."). Although the rules prevent the defendant from filing a Rule 12(b) motion at this time, it does not follow that the defendant has waived its ability to challenge either this court's subject matter jurisdiction or the sufficiency of the complaint. Indeed, I am required to dismiss this case if "at any time" I determine that subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3). See also Kontrick v. Ryan, 540 U.S. 443, 455 (2004) ("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance."). Also, the defense that the complaint fails to state a claim upon which relief may be granted may be raised under Federal Rule of Civil Procedure 12(c), even after the defendant has filed an answer. See, e.g., Harris v. Oliver, No. 4:06CV3017, 2007 WL 1456212, at *2 (D. Neb. May 16, 2007). In short, I shall consider the defendant's motion as if it were based on Rules 12(h)(3) and 12(c), as opposed to Rules 12(b)(1) and 12(b)(6). I note that the standards applicable to analyses of Rule 12(b)(1) and 12(b)(6) motions remain applicable even though the defendant's motion is not properly brought pursuant to those rules. See, e.g., Berkshire Fashions, Inc. v. M.V. Hakusan II, 954 F.2d 874, 879 n.3 (3d Cir. 1992) ("The distinction between a Rule 12(h)(3) motion and a Rule 12(b)(1) motion is simply that the former may be asserted at any time and need not be responsive to any pleading of the other party. For purposes of this case, the motions are analytically identical because the only consideration is whether subject matter jurisdiction arises."); Harris, 2007 WL 1456212, at *2 (citing Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990) (explaining that a Rule 12(b)(6) motion that was construed as a Rule 12(c) motion was to be analyzed under the same standard that governs Rule 12(b)(6) motions)).

"Federal Rule of Civil Procedure 8 requires that a complaint present 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (citations and internal quotation marks omitted). "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility,'" but a complaint should not be dismissed merely because "actual proof of the facts alleged is improbable." Id. (citations

5

omitted). Although the court must take the plaintiff's factual allegations as true when considering a Rule 12(b)(6) motion to dismiss, "legal conclusions or 'formulaic recitation of the elements of a cause of action' . . . may properly be set aside." Id. (citations omitted).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may challenge either the factual truthfulness or the facial sufficiency of the plaintiff's jurisdictional allegations. See, e.g., Stalley v. Catholic Health Initiatives, 509 F.3d 517, 520-21 (8th Cir. 2007); Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In a facial attack, the standard of review is the same standard that applies to motions brought pursuant to Federal Rule of Civil Procedure 12(b)(6): I must "accept as true all factual allegations in the complaint, giving no effect to conclusory allegations of law," and I must determine whether the plaintiff has asserted "facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." Stalley, 509 F.3d at 521 (citations omitted). In a factual attack, "the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). Furthermore, "no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. at 593 n.1 (quoting Mortensen v. First Federal Savings and Loan Association, 549 F.2d 884, 891 (3d Cir. 1977)). "[T]he plaintiff will have the burden of proof that jurisdiction does in fact exist." Id. (quoting Mortensen, 549 F.2d at 891). See also Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." (Citations omitted)).

The Eighth Circuit has held that "[w]hen a party seeks to dismiss a suit for lack of standing, [the court] 'must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.'" United States v. Metropolitan St. Louis Sewer District, 569 F.3d 829, 834 (8th Cir. 2009) (quoting Warth v. Seldin, 422 U.S. 490, 501 (1975)); see also Steger v. Franco, Inc., 228 F.3d 889, 892 (8th Cir. 2000). However, because the elements of standing "are not mere pleading requirements but rather an indispensable

6

part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Thus,

> At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [the court] "presum[es] that general allegations embrace those specific facts that are necessary to support the claim." In response to a summary judgment motion, however, the plaintiff can no longer rest on such "mere allegations," but must "set forth" by affidavit or other evidence "specific facts," which for the purposes of the summary judgment motion will be taken to be true. And at the final stage, those facts (if controverted) must be "supported adequately by the evidence adduced at trial."

Id. (citations omitted).

In this case, both parties have submitted evidence in support of their respective positions on the issues raised in the defendant's motion. (See filings 36, 40.) I find that the defendant has raised a factual challenge to subject matter jurisdiction, and therefore the defendant's motion will be analyzed in accordance with the standards applicable to such challenges. This means, for example, that when considering the question of standing, I shall not accept as true all material allegations of the complaint, and I shall not construe the complaint in favor of the plaintiff.

### III.   ANALYSIS

I note preliminarily that the plaintiff's evidentiary materials include an affidavit of her expert witness, Steven K. Mason. (See Pl.'s Index, filing 40, Ex. D.) This affidavit includes a paragraph that states, in part, as follows:

> Last May, I asked the Technical Assistance department of the US Access Board for clarification regarding how high above the floor "clear floor space" extends. I received the following via email: The word clear is defined in the standard as unobstructed.  There are times when some incursion may be allowed.  Section 4.2.4.1 for example allows the following: "Clear floor of ground space for wheelchairs may be part of the knee space required under some objects."  But I would agree that just because something is not touching the floor it would still be obstructing a clear floor space if it were under 80 inches off the ground.  Jim Pecht, Accessibility Specialist, US Access Board, 1331 F Street NW, Suite 1000, Washington DC 20004

(Pl.'s Index, filing 40, Ex. D, Mason Aff. ¶ 14 (emphasis in original).)  The defendant has moved to strike the underlined portion of the foregoing paragraph on the ground that it is hearsay.  (See filing 41.)  The plaintiff has not responded to the defendant's motion.  I take it that the plaintiff concedes that the underlined language is inadmissible hearsay, and I shall grant the defendant's motion to strike the language.

     I turn now to the arguments raised by the defendant in support of its motion to dismiss the complaint.

     The defendant argues first that the plaintiff lacks standing to assert her claims, and therefore this court lacks subject matter jurisdiction over the complaint.  (See Def.'s Br., filing 37, at 4-10.)  I agree.

     "Federal jurisdiction is limited by Article III, § 2, of the U.S. Constitution to actual cases and controversies."  Steger v. Franco, Inc., 228 F.3d 889, 892 (8th Cir. 2000).  "Therefore, the plaintiff's standing to sue 'is the threshold question in every federal case, determining the power of the court to entertain the suit.'"  Id. (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)).  "To show Article III standing, a plaintiff has the burden of proving: (1) that . . . she suffered an 'injury in fact,' (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision."  Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).

     The defendant submits that the plaintiff cannot establish that she suffered an injury in fact.  (See Def.'s Br., filing 37, at 4-9.)  The Eighth Circuit discussed the "injury in fact" component of standing in Steger v. Franco, Inc., 228 F.3d 889 (8th Cir. 2000), wherein the plaintiffs raised ADA claims similar to those brought by the plaintiff here.  The court stated,

> An injury-in-fact is a harm that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  The plaintiff must show that he or she "sustained or is immediately in danger of sustaining some direct injury as the result of the challenged . . . conduct and [that] the injury or threat of injury [is] both real and immediate . . . ."  Although plaintiffs need not engage in the "futile gesture" of visiting a building containing known barriers that the owner has no intention of remedying, they must at least prove knowledge of the barriers and that they would visit the building in the imminent future but for those barriers.  Intent to return to the place of injury "some day" is insufficient.

Steger, 228 F.3d at 892-93 (citations omitted).

A showing that there is a likelihood of future injury is essential for standing where, as here, a plaintiff is seeking injunctive relief (as opposed to damages for past wrongs). See, e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 564 (1992); City of Los Angeles v. Lyons, 461 U.S. 95, 101-105 (1983); Kramer v. Midamco, 656 F. Supp. 2d 740, 747 (N.D. Ohio 2009) ("[B]ecause injunctions regulate future conduct, a party seeking injunctive relief must allege . . . a real and immediate–as opposed to a merely conjectural or hypothetical–threat of future injury." (Citation and internal quotation marks omitted)); Parr v. L & L Drive-Inn Restaurant, 96 F. Supp 2d 1065, 1079 (D. Haw. 2000) ("Although a single act of past discrimination may be sufficient to establish standing to bring an action under the ADA, plaintiffs 'who seek injunctive relief must . . . demonstrate that they themselves face a real and immediate threat of future harm.'" (Citation and emphasis omitted)). "In evaluating whether an ADA plaintiff has established a likelihood of future injury, courts have been guided by: (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) plaintiff's frequency of travel near defendant." Molski v. Kahn Winery, 405 F. Supp. 2d 1160, 1163 (C.D. Cal. 2005).

The defendant argues that "all four of the factors used to analyze the future injury requirement of standing [set forth in Molski] weigh against a finding of likelihood of future harm." (Def.'s Br., filing 37, at 8.) In support of this argument, the defendant refers me to evidence indicating that the plaintiff's residence is more than 100 miles from Grandmother's Restaurant, (id. at 3, 6 (citing filing 36, Pl.'s Am. Responses to Second Set of Interrogatories No. 3)), and that the plaintiff has visited Grandmother's Restaurant only once, sometime during the week of October 22, 2008, (id. at 3, 6-7). In addition, the defendant submits that the plaintiff has expressed no definite plans to return to Grandmother's restaurant, but has instead stated only that she is "always looking for accessible restaurants to dine at," (id. at 8 (quoting filing 36, Pl.'s Am. Responses to Second Set of Interrogatories No. 3)); and that the plaintiff's statement that she "travel[s] with [her] son, almost every weekend during his baseball season all over the State of Nebraska," (filing 36, Pl.'s Am. Responses to Second Set of Interrogatories No. 3), "does not mean that she is frequently near Grandmother's," (Def.'s Br., filing 37, at 8).

9

In response to the defendant's arguments, the plaintiff argues first "that based on the allegations in her Complaint, she has sufficiently alleged standing under Article III, including her assertion that she intends to return to Grandmother's in the near future." (Pl.'s Response Br., filing 39, at 7-8.) She adds later in her brief that because she has alleged that she is a "tester," she has standing to maintain this action. (Id. at 10-12 (citing, inter alia, Compl., filing 1, ¶ 4).) As I noted above, the complaint does allege that the plaintiff intends to return to Grandmother's restaurant in the future, both to patronize the restaurant and to conduct annual reviews of the restaurant's compliance with the ADA. (See supra Part I (citing Compl., filing 1, ¶¶ 3, 4, 16).) The complaint also clearly alleges that the plaintiff acts as a tester, and that she was acting in this capacity at the time of her visit to Grandmother's Restaurant. (See Compl., filing 1, ¶¶ 4-5.) These allegations may have been sufficient had the defendant raised only a facial challenge to the complaint's allegations. Under those circumstances, I would be required to accept all of the complaint's allegations as true. E.g., United States v. Metropolitan St. Louis Sewer District, 569 F.3d 829, 834 (8th Cir. 2009). Here, however, the defendant has raised a factual dispute about the plaintiff's standing, and therefore no presumption of truthfulness attaches to the plaintiff's allegations. E.g., Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). In this case, the plaintiff cannot satisfy her burden of establishing standing merely by referring to her complaint.

The plaintiff argues next that the distance between her residence and the defendant's premises should be disregarded, stating, "does this therefore mean that when she travels all over the [S]tate of Nebraska for her son's baseball games that she cannot assert a violation of her civil rights at any restaurant because it may be some miles away from her home in Grand Island, Nebraska?" (Pl.'s Response Br., filing 39, at 9-10.) She adds, "Defendant's assertion played out in real life would mean that Ms. Brown would never be able to assert standing to bring any ADA case, for any barriers to access at any restaurant that is 100 or so miles away from Grand Island, even though she was traveling in the particular area for her son's baseball games!" (Id. at 10.) I find that the distance between the plaintiff's residence and Grandmother's Restaurant is a legitimate factor to be weighed when considering whether the plaintiff has established a likelihood of future injury. Furthermore, I find that this factor weighs against a finding that the plaintiff has made this showing. At the same time, it is but one of many relevant factors–some of

which are identified in Molski v. Kahn Winery, 405 F. Supp. 2d 1160, 1163 (C.D. Cal. 2005)–that merit consideration.[2]  The plaintiff is not foreclosed from establishing a likelihood of future injury due to the distance between Grand Island and Grandmother's Restaurant in Lincoln, Nebraska–but because she is seeking injunctive relief, and because the defendant has raised a factual jurisdictional challenge to her complaint, she must somehow establish a real and immediate threat of future injury using affidavits, deposition testimony, or other "competent evidence." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993).  She has failed to do this.  She has submitted no competent evidence stating that she has immediate or definite plans to return to Grandmother's Restaurant, either in her "individual capacity" or as a tester, after the alleged barriers to access are addressed (or otherwise).  There is no evidence that she has a history of patronizing Grandmother's Restaurant.  And there is no evidence that allows me to assess the frequency of her travel near the defendant's premises.

The plaintiff argues that "the restaurant is in a geographical area where her son plays baseball games, she] has knowledge that the Women's restroom has insufficient maneuvering clearance for women in wheelchairs, has no accessible stall, and [she] will be prevented from even attempting to use the restroom" unless other barriers to access are removed.  (Pl.'s Response Br., filing 39, at 17.)  By way of supporting evidence, however, I have before me only the plaintiff's interrogatory responses indicating that she lives in Grand Island, Nebraska, approximately 102 miles from Grandmother's Restaurant; that she has "passed Grandmother's many times in [her] travels, and [has] always wanted to dine there"; that she attempted to patronize the restaurant during the week of October 22, 2008, but was unable to enter the premises due to the construction of the exterior ramp to the restaurant; and that she "travel[s] with her son, almost every weekend during his baseball season all over the State of Nebraska and [she is] always looking for accessible restaurants to dine at." (Pl.'s Index, filing 40, Ex. C.)  The Eighth Circuit has stated that, to establish injury in fact, a plaintiff must show that she would visit the premises in the imminent future but for the existence of barriers to access, and showing

---

[2] I do not consider this to be an exclusive list of factors–indeed, even if they were intended to be so, Molski is not binding authority over this court.  These factors do provide helpful guidance, however, and I have considered them in analyzing the question of standing.

11

an "[i]ntent to return to the place of injury 'some day' is insufficient." Steger v. Franco, Inc., 228 F.3d 889, 892-93 (8th Cir. 2000).  The plaintiff's interrogatory responses do not establish that she intends to return to Grandmother's "some day," much less that she would return in the imminent future but for the alleged barriers to access at Grandmother's Restaurant.  I find, therefore, that the plaintiff has failed to establish the likelihood of future injury, which is a necessary component of standing to seek injunctive relief.  See, e.g., Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1119 (8th Cir. 2007) ("Standing to seek injunctive relief requires a plaintiff, inter alia, to show a likelihood of a future injury.").  In light of this finding, the complaint will be dismissed with prejudice, and judgment will be entered in favor of the defendant.

**IT IS ORDERED** that the defendant's motion to dismiss, filing 35, and the defendant's objection to the affidavit of Steven K. Mason, filing 41, are granted.

Dated February 16, 2010.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge